# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDUL KADIR, | No. 3:17-CV-0816 |
| Petitioner, | (Judge Brann) |
| v. | |
| G. BALTAZAR, Warden, | |
| Respondent. | |

## ORDER

**AND NOW**, this 26th day of September 2018, upon consideration of the suggestion of mootness filed by Respondent on September 19, 2018, giving notice to the Court of Petitioner's death on June 28, 2018, *see* Doc. 12-1, p. 3, and it appearing that the petition for writ of habeas corpus has been rendered moot by Abdul Kadir's passing, as the Court "cannot grant 'any effectual relief whatever'" in his favor, *see Calderon v. Moore,* 518 U.S. 149, 150 (1996)[1], **IT IS HEREBY ORDERED** that:

1. The petition for writ of habeas corpus is **DISMISSED AS MOOT**.

2. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[1] Article III of the Constitution provides that the "judicial Power shall extend to. . . Cases. . . [and] to Controversies." U.S. Const. art. III, §§2. "This grant of authority embodies a fundamental limitation restricting the federal courts to the adjudication of 'actual, ongoing cases or controversies." *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 192-93 (3d Cir. 2001). The mootness doctrine is centrally concerned with the court's ability to grant effective relief: 'If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.' *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).